U.S. DISTRICT COURT
DISTRICT OF VERMONT
FILED

UNITED STATES DISTRICT COURT
FOR THE
DISTRICT OF VERMONT

2025 SEP -4  PM 3: 12

CLERK

BY _____
DEPUTY CLERK

KEVIN SPENCER,                                )
                                             )
        Plaintiff,                            )
                                             )
v.                                            )     Case No. 2:25-cv-671
                                             )
ALEX SPENCER; SARAH SPENCER,                  )
                                             )
        Defendant.                            )

## ENTRY ORDER

A review of the docket in this case reveals the following:

1.  On July 14, 2025, Plaintiff Kevin Spencer, a Vermont resident representing himself, filed a Complaint in the United States District Court for the Southern District of New York ("SDNY") against Defendants Alex Spencer and Sarah Spencer. (Doc. 1.)

2.  On July 17, 2025, SDNY transferred the action to this court because venue lies here. That court further noted "[w]hether Plaintiff should be permitted to proceed further without prepayment of fees is a determination to be made by the transferee court." (Doc. 3 at 2.)

3.  On July 24, 2025, the case was received in this court.

4.  On July 25, 2025, the Clerk's Office sent Plaintiff a letter regarding the omission of a filing fee or an Application to proceed *in forma pauperis* ("IFP") and required a response within fourteen days.

5.  As of the date of this Order, no further filings have been received.

Federal law generally requires a fee for parties seeking to institute "any civil action, suit or proceeding" in federal district court. 28 U.S.C. § 1914(a). The current fee is $405.00, comprised of a $350.00 filing fee plus a $55.00 administrative fee. Alternatively, a plaintiff may request authorization to proceed IFP, that is, without prepayment of fees. *See id.* § 1915. Where a plaintiff seeks to proceed IFP, the court must determine whether he or she has demonstrated sufficient economic need to proceed without prepaying, in full, the required $405.00 filing fee. Here, Plaintiff submitted the Complaint without the filing fee or an IFP application. Plaintiff must either pay the full

filing fee or submit an IFP application demonstrating he is unable to pay the fee to continue with this action.

In addition, if Plaintiff pays the filing fee or submits an IFP Application, he shall show cause why this case shall not be dismissed for lack of subject matter jurisdiction. The party "asserting [federal] subject matter jurisdiction has the burden of proving by a preponderance of the evidence that it exists." *Fountain v. Karim*, 838 F.3d 129, 134 (2d Cir. 2016). "Federal courts are courts of limited jurisdiction." *Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994). Generally, "federal courts have subject matter jurisdiction either on the basis of substance, where there is a federal question, or on the basis of citizenship, where the requirements for diversity jurisdiction are satisfied." *Gottlieb v. Carnival Corp.*, 436 F.3d 335, 337 n.3 (2d Cir. 2006). "[S]ubject matter jurisdiction is not waivable and may be raised at any time by a party or by the court *sua sponte*." *Lyndonville Sav. Bank & Tr. Co. v. Lussier*, 211 F.3d 697, 700 (2d Cir. 2000). "If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action." *See* Fed. R. Civ. P. 12(h)(3).

Plaintiff asserts the court has subject matter jurisdiction based on diversity of citizenship. *See* Doc. 1 at 2. For the court to exercise diversity jurisdiction under 28 U.S.C. § 1332, the amount in controversy in the case must exceed $75,000, exclusive of interest and costs, and the matter must be "between . . . citizens of different States[.]" 28 U.S.C. § 1332(a)(1); *see also Pa. Pub. Sch. Emps.' Ret. Sys. v. Morgan Stanley & Co.*, 772 F.3d 111, 118 (2d Cir. 2014) (explaining complete diversity requires that "all plaintiffs . . . be citizens of states diverse from those of all defendants"). Plaintiff alleges that both he and at least one Defendant reside in Vermont and are therefore "citizens" of that state. *Van Buskirk v. United Grp. of Cos., Inc.*, 935 F.3d 49, 53-54 (2d Cir. 2019) (explaining an individual's citizenship, for diversity purposes, is determined by the individual's domicile). For this reason, the Complaint does not plausibly allege diversity subject matter jurisdiction because the parties are not diverse, and the court lacks subject matter jurisdiction under 28 U.S.C. § 1332.

2

Plaintiff shall either pay the court's $405.00 filing fee or submit a completed IFP Application[1] no later than October 3, 2025. In addition, if Plaintiff pays the filing fee or submits an IFP Application, he shall show cause why this case shall not be dismissed for lack of subject matter jurisdiction. **Should Plaintiff fail to comply with this Order, the case shall be dismissed without prejudice.**

The court certifies that any appeal would not be taken in good faith under 28 U.S.C. § 1915(a)(3).

SO ORDERED.

Dated at Burlington, in the District of Vermont, this ___4th___ day of September, 2025.

Christina Reiss, Chief Judge
United States District Court

---

[1] The clerk's office is respectfully requested to send Plaintiff the court's form IFP Application.